## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HEMPFIELD SCHOOL DISTRICT, :
    Plaintiff :
       :
  v.     : Civil Action No. _____
       :
P.M.C., by and through his parents, :
P.C. and S.C., in their own right, :
    Defendants :

## COMPLAINT

1. Plaintiff, Hempfield School District, files this Complaint in the nature of an appeal pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), P.L. 108-446, 118 STAT. 2647-2808 (Dec. 3. 2004), 20 U.S.C. §§1401-1482, from a final administrative decision dated August 6, 2019.

2. This Court has jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. § 1331 and pursuant to express authorization in the IDEA, 20 U.S.C. §1415(i)(3)(A).

3. Defendant, P.M.C., is 17 years old, a minor and a resident of the Hempfield School District (hereinafter "District") where he resides with his Parents, P.C. and S.C. (hereinafter "Parents"), in East Petersburg, Pennsylvania.

4. P.M.C. has been identified by the District as eligible for accommodations under Section 504 of the Rehabilitation Act since March 2017.   He has received accommodations pursuant to a Student Accommodation Plan since that time.

5. P.M.C. is also identified as mentally gifted, and has received specially designed instruction through a Gifted Individual Education Program ("GIEP").   Throughout high school he has maintained an ambitious schedule of advanced placement, honors, and college prep

classes.  In both his freshman and sophomore years, he earned A's and B's for final grades, save for a C+ in math.

6.      During P.M.C.'s junior year, on January 11, 2019, P.M.C. violated school district policy by possessing and distributing a controlled substance on an overnight trip with the school district's swim team.  The overnight trip was a school-sponsored event, and had been approved by the School Board.  P.M.C. admitted that he brought marijuana and a smoking device on the overnight trip, and smoked the marijuana with a teammate in a hotel room bathroom.  P.M.C. also admitted that he consumed edible marijuana that was supplied by the same teammate that P.M.C. smoked with.

7.      P.M.C. was suspended for ten days and was notified of the school district administration's recommendation for expulsion, consistent with school district policy for distribution of a controlled substance.

8.      On January 17, 2019, P.M.C., through counsel, requested an evaluation to determine IDEA eligibility.  The District agreed to evaluate, and held any expulsion proceedings in abeyance while undertaking the IDEA evaluation.

9.      On March 14, 2019, the District issued an Evaluation Report ("ER") finding that P.M.C. does not meet the criteria for any IDEA disability and does not require specially designed instruction, and is therefore not eligible under the IDEA.  The ER finds, however, that P.M.C. continues to have a disability under Section 504 and remains eligible for a Student Accommodation Plan.

10.     On March 24, 2019, P.M.C., through his parent and with the assistance of counsel, commenced an administrative special education due process hearing against the District under the IDEA.  The due process complaint alleges that P.M.C. should be found eligible under

the IDEA, that he should not be subject to expulsion because his drug possession and distribution was a manifestation of his disability, and that he should be provided with compensatory education.

11.     On March 29, 2019, the District and Parents convened a meeting to review the District's ER, to revise P.M.C.'s Section 504 Student Accommodation Plan, and to conduct a Manifestation Determination meeting to determine if P.M.C.'s conduct was caused by his disability.  At the conclusion of the meeting, the District notified the Parents that it had found that the drug possession and distribution was <u>not</u> caused by P.M.C.'s disability.  Formal written notice of this determination was sent to Parents on April 5, 2019.

12.     The administrative hearing was bifurcated by the Office for Dispute Resolution ("ODR"), the Commonwealth's designated special education due process hearing coordinator, into two different matters.  One, ODR No. 21969 / 18-19 KE on an expedited timeline based upon P.M.C.'s discipline allegations, and another ODR No. 22050 / 18-19 KE on a non-expedited timeline on the issues of IDEA eligibility and compensatory education.  ODR assigned both hearings to hearing officer Michael "Jake" McElligott, Esquire ("Hearing Officer").

13.     The expedited hearing was convened on April 9, 2019.  The sole issue at the expedited hearing was whether P.M.C. met the IDEA criteria as a student entitled to discipline protections as "thought to be eligible" at the time of the discipline.

14.     On April 25, 2019, the Hearing Officer issued a written decision on the expedited matter finding that P.M.C. is <u>not</u> "thought to be" eligible under the IDEA at the time of the discipline, and is therefore not entitled to IDEA discipline protections.

15.     On June 11, 2019, the School Board voted to expel P.M.C. for the 2019-2020 school year for his violation of school district policy prohibiting the possession and distribution

of illegal drugs at school sponsored activities.  This followed a formal evidentiary hearing held on April 30, 2019 pursuant to Section 1318 of the Pennsylvania Public School Code.

16.     The non-expedited administrative hearing was convened on June 21 and 25, 2019. The Hearing Officer heard testimony from the District's evaluators – psychologist Erik Kichner and speech and language pathologist Danielle Campbell, the Parents' private evaluator Joseph Lucas Psy.D, counselor Kandace Dacosta, and the parent.

17.     On August 6, 2019, the Hearing Officer issued a written decision on the non-expedited hearing.  The Hearing Officer re-affirmed the District's determination that P.M.C.'s drug possession and distribution was not a manifestation of P.M.C.'s disability.  He therefore took no actions to halt the District's expulsion of P.M.C.

18.     But the Hearing Officer determined that P.M.C. should have been found IDEA eligible for ADHD in March 2018 because of difficulty with organization and task completion. As a result, the Hearing Officer ordered the District to provide eighty hours of compensatory education.  He also ordered the District to convene an IEP team meeting to develop an IEP and to provide P.M.C. instruction on organization, task-approach, and task-completion.

19.     The statutory appeal period on both the expedited due process hearing and the school district's expulsion decision have elapsed without a timely appeal by P.M.C. or his Parents.

20.     The Hearing Officer's non-expedited decision contains egregious reversible errors of both law and fact.  The Hearing Officer's logic is faulty, and his conclusion has no correlation to the factual record before him.  Accordingly, the District hereby appeals the non-expedited ruling at ODR No. 22050 / 18-19 KE.

**IDEA ELIGIBILITY DETERMINATION**

21.     The District completed a comprehensive IDEA evaluation, and concluded that P.M.C. did not meet the criteria for IDEA eligibility.  The evaluation includes standardized ability and achievement testing, parent and teacher input, a record review, rating scales administered to teachers, parents, and to the student, observations by the evaluators, a speech evaluation, executive function assessments, and semi-structured assessment tools.

22.     The evaluation concludes that P.M.C. does not meet the IDEA criteria for autism, does not meet the IDEA criteria for an emotional disturbance, and does not meet the IDEA criteria for an "Other Health Impairment."  For all three categories, the evaluation explains why P.M.C. does not meet the IDEA eligibility criteria.

23.     The Hearing Officer erroneously concluded that P.M.C. should instead have been found IDEA eligible.  This is an error of law.

24.     The Hearing Officer's decision identifies no fault with the District's evaluation, other than its conclusion.  His decision is devoid of any legal citation to the criteria for an appropriate evaluation under the IDEA.  He conducted no analysis of whether the District's evaluation complies with that IDEA criteria.

25.     The Hearing Officer concludes that P.M.C. meets the IDEA criteria for "Other Health Impairment", but he fails to even consider the eligibility criteria for "OHI."  Despite detailed reasoning in the evaluation as to why P.M.C. does not meet the OHI criteria based upon multiple data sources (rating scales, cognitive assessment, academic assessment, ADHD specific rating scales, teacher reports, classroom observation), the Hearing Officer provides no reasoning or rationale for why he considered those data sources to be inaccurate.

26.     The Hearing Officer's sole contention on IDEA eligibility is a conclusory statement that P.M.C. should have been identified as a student with the health impairment of Attention Deficit Hyperactivity Disorder ("ADHD").  The Hearing Officer decision contains no discussion about the diagnostic criteria for ADHD, and whether P.M.C. meets that criteria.  The Hearing Officer simply substituted his judgement for that of professional evaluators.  This is an error of law and an abuse of discretion.

27.     The Hearing Officer's erroneous conclusion that P.M.C. has ADHD is even more perplexing given that both the District's psychologist and the parents' evaluator agree that P.M.C. does not have ADHD.  The Hearing Officer's stunning diagnosis of ADHD stands in contrast to the testimony of both the neuropsychologist and certified school psychologist, both of whom relied upon standardized measures to reach their conclusion that P.M.C. does not have ADHD[1].

28.     The private neuropsychologist had also determined in 2017 that testing results were "conclusive that [P.M.C.] did not display significant neurocognitive symptoms that would be indicative of an attention deficit hyperactivity disorder…."

29.     P.M.C. does not have ADHD.

30.     The Hearing Officer's erroneous ADHD diagnosis is premised upon what he alleges is a "deep" need for "goal-driven instruction in organization, task-approach, and task completion."  Yet the District's evaluation includes standardized measures of these precise skills, all of which show age-appropriate executive function skills.  The Parents' private evaluator agreed, concluding that P.M.C. exhibited good planning and organizational skills.  The Hearing

---

[1] P.M.C. was diagnosed with ADHD by a private evaluator in January 2017, which was relied upon by the District, but that diagnosis was ruled out later in 2017.  The current evaluators both agree that P.M.C. does not have ADHD.

Officer fails to mention, explain away, or to discount the conclusions of these professionals, and instead substituted his own judgment.  This too is an error of law.

**BURDEN OF PROOF**

31.     The Hearing Officer erred as a matter of law when he failed to assign the burden of proof to the Parents, in accordance with the Supreme Court's ruling in *Schaffer v. Weast*, 546 U.S. 49, 126 S. Ct. 528, (2005).

32.     The Hearing Officer's decision contains no reference to the burden of proof.

33.     The Parents, relying upon expert testimony from Joseph Lucas, Psy.D., argued that P.M.C. meets the IDEA eligibility criteria for autism, not ADHD.  The Hearing Officer rejected this contention, concluding that "nothing in this record would lead any reader to conclude that the student might be diagnosed with autism (mild or otherwise.)".

34.     Despite rejecting the chief argument espoused by the Parents, the Hearing Officer erred as a matter of law by failing to then conclude that Parents did not meet their burden to prove IDEA eligibility.  Instead, the Hearing Officer erroneously substituted his own judgement to conclude that P.M.C. has the disability of ADHD (despite significant testing data and multiple credentialed evaluators who contend otherwise).

**5 DAY RULE**

35.     The Hearing Officer erred as a matter of law when he admitted into evidence Parents' expert report that was not disclosed at least five business days prior to the hearing, in contravention of 20 U.S.C. 1415(f)(2), 34 C.F.R. § 300.512, and 22 Pa. Code § 14.162(k), commonly referred to as the "5 Day Rule" requiring all evidence and expert reports to be disclosed at least five days prior to the start of a due process hearing.

36.     The private report was provided to District's counsel on the evening of June 18, 2019.  The hearing began on June 21, 2019.

37.     The Hearing Officer inquired of the parties whether they had complied with the 5 Day Disclosure Rule.  Despite a timely objection from the District and a clear violation of the statute, the Hearing Officer could not bring himself to follow the law and not allow the untimely report.  He stated on the record "If that's a reversible procedural error, then so be it".

38.     The Hearing Officer erroneously reasoned that the five day rule is a mere procedural issue that can be disregarded when a Hearing Officer feels that the substantive issues are too important, when similar substantive issues are present in every IDEA hearing.  It is a blatant legal error for the Hearing Officer to disregard the 5 day mandate enacted by Congress.

## MANIFESTATION DETERMINATION

39.     The Hearing Officer erred as a matter of law when he concluded that the District committed a procedural violation by failing to conduct a manifestation determination for P.M.C. This aberrant ruling exhibits a fundamental misunderstanding of the IDEA discipline protections, which are only available to students either found eligible or "thought to be" eligible at the time the discipline occurs.

40.     In the expedited due process hearing, the Hearing Officer determined that P.M.C. was not "thought to be" eligible under the IDEA at the time of the discipline incident. Accordingly, P.M.C. was not entitled to an IDEA manifestation determination as a matter of law.

41.     Moreover, the Hearing Officer's factual conclusion about the "lack of a manifestation determination meeting" and "not holding a manifestation determination process" is erroneous and plainly contradicted by the record.  P.M.C. *was* provided with a manifestation determination process.

42.     The parties convened on March 29, 2019, with counsel present, and discussed the disabilities at issue and whether the conduct of possessing, distributing and smoking marijuana was a manifestation of any of those disabilities.   The District concluded that it was not a manifestation of P.M.C.'s disabilities.

43.     The Hearing Officer agreed with the District that the conduct for which discipline was imposed was not a manifestation of P.M.C.'s disability.

## COMPENSATORY EDUCATION

44.      The Hearing Officer erred as a matter of law when he awarded compensatory education to P.M.C.

45.     Compensatory education is an equitable remedy that is not designed to punish school districts.   Rather, it is supposed to place the student in the position that the student would be in had the school district provided the appropriate services in the first place.

46.     The Hearing Officer concluded that P.M.C. has shown "excellent academic progress" and has exhibited "strong academic achievement."   The record shows excellent grades in advanced and honors classes.

47.     Standardized assessments of organization and task management show age appropriate skills.   P.M.C. himself reports that he has a system to keep his school work organized, and to keep track of upcoming assignments.

48.     Yet the Hearing Officer erroneously concluded that P.M.C. requires compensatory education for instruction in these same tasks.   The need for compensatory education is contradicted by the record, and by the Hearing Officer's own findings of excellent academic progress.

**WHEREFORE**, Plaintiff, Hempfield School District, respectfully requests that this Honorable Court:

    a.    receive the administrative record;

    b.    reverse the Hearing Officer's Decision and Order based upon the errors identified above;

    c.    enter judgment in Plaintiff's favor and against Defendants; and

    d.    award the costs of this action and such further relief in favor of Plaintiff as this Court deems necessary or appropriate.

SWEET, STEVENS, KATZ & WILLIAMS, LLP

Date: <u>August 29, 2019</u>    By: _____

Mark Cheramie Walz, Esquire   PA 204356
331 East Butler Avenue, P. O. Box 5069
New Britain, Pennsylvania 18901
(215) 345-9111

Counsel for Plaintiff,
Hempfield School District

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Hempfield School District

### DEFENDANTS

P.M.C., by and through his parents, P.C. and S.C. in their own right

**(b)** County of Residence of First Listed Plaintiff   Lancaster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Mark W. Cheramie Walz, Esquire - Sweet Stevens Katz & Williams, LLP
331 East Butler Avenue, New Britain, PA 18901
215-345-9111

Attorneys *(If Known)*
Daniel M. Fennick, Esquire
1423 East Market Street, York, PA 17403
717-846-7100

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
       Plaintiff
- ☒ 3   Federal Question
       *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government
       Defendant
- ☐ 4   Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | Exchange |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☒ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original
     Proceeding
- ☐ 2 Removed from
     State Court
- ☐ 3 Remanded from
     Appellate Court
- ☐ 4 Reinstated or
     Reopened
- ☐ 5 Transferred from
     Another District
     *(specify)*
- ☐ 6 Multidistrict
     Litigation -
     Transfer
- ☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
IDEA of 2004, P.L. 108-446, 118 STAT. 2647-2808 (Dec. 3, 2004), 20 U.S.C. §§1401-1482

Brief description of cause:
Appeal from an administrative decision dated 8/6/2019

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   8/2a/19

SIGNATURE OF ATTORNEY OF RECORD
Mark W. Cheramie Walz

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 200 Church Street, Landisville, PA 17538 _____

Address of Defendant: _____ 2200 Hershey Avenue, East Petersburg, A 17520 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _8/29/19_   _Must sign here_   _204356_
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Mark W. Cheramie Walz _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _8/29/19_   _Sign here if applicable_   _204356_
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT I RACK DESIGNATION FORM**

HEMPFIELD SCHOOL DISTRICT,         :
            Plaintiff                 :
                           :
        v.                           :      Civil Action No. _____
                           :
P.M.C., by and through his parents,      :
P.C. and S.C., in their own right,       :
           Defendants               :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § !:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 8/29/2019 | Mark W. Cheramie Walz, Esquire | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 215-345-9111 | 215-348-1147 | mwalz@sweetstevens.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660)  10/02